UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
NOV 0 2 2016

CLERK

| | | |
|---|---|---|
| **WALLIE CLARK,** | ) | Civil File No. Civ. 16- 5100 |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| **NORTHWEST PIPE FITTINGS, INC.,** | ) | |
| Defendant. | ) | |

The Plaintiff hereby alleges as follows:

1. Plaintiff, Wallie Clarke, is a resident of the State of Oklahoma.

2. Defendant, Northwest Pipe Fittings, Inc. (Northwest Pipe) is a corporation organized and having its principal place of business in South Dakota.

3. The amount in controversy exceeds $75,000.

4. This Court has jurisdiction pursuant to 28 USC 1332, diversity of citizenship.

5. Wallie Clarke engaged in an employment relationship with Northwest Pipe Fittings, Inc. (Northwest Pipe) beginning in approximately 1999 and ending shortly after December 31, 2012.

6. Northwest Pipe represented, and Plaintiff agreed, that Plaintiff would receive commissions on his sale of Northwest Pipe products, based on a percentage of his gross sales, less the cost of goods sold and expenses incurred in relation to sale of those goods.

7. After starting employment, Northwest Pipe issued periodic commission statements indicating that it included "interest" charges in the expenses deducted from Plaintiff's monthly commissions.

8. Plaintiff believed that the charges reflected actual expenses incurred by Northwest Pipe.

9. In fact, the interest charges were not expenses actually incurred by Northwest Pipe.

10. Plaintiff also did not know that Northwest Pipe periodically added the interest charges to the principal amount owing, and then charged interest on the accrued interest, resulting in compound interest charges.

11. Inclusion of these interest charges as "expenses" significantly reduced Wallie Clarke's commissions.

12. Further, if and when a customer eventually paid some portion of the compound interest charges, Northwest Pipe did not properly reimburse or re-credit Plaintiff for the commissions previously withheld.

13. Northwest Pipe and it's agents and officers concealed the nature of these interest charges by failing to disclose that they were based on charges not actually incurred by Northwest Pipe, as opposed to actual expenses incurred.

14. Northwest Pipe's misrepresentations and concealment of material facts are reflected in periodic commission statements provided to Plaintiff.

15. Exhibit 1 attached hereto is a commission statement dated December 2012, in which interest charges are shown as an expense, but does not reveal that

Defendant never actually incurred the interest expenses in the amounts shown.

16. Defendant made similar misrepresentations and omissions on a regular basis in previous commission statements to Plaintiff.

17. Northwest Pipe also misrepresented the actual cost of many products that Plaintiff sold for Northwest Pipe, by failing to include and disclose cost rebates received from suppliers in the commission statements shown to Plaintiff.

18. These misrepresentations and concealments are also reflected in the commission statement shown in Exhibit 1, and similar misrepresentation and concealments occurred in previous commissions statements.

19. Plaintiff believes the rebates varied between 3% and sometimes as much as 14%.

20. These misrepresentations and concealment of materials facts further reduced the commissions paid to Plaintiff.

21. Plaintiff believes this took place throughout Plaintiff's employment.

22. Plaintiff relied to his detriment on Defendant's representations and concealment of material facts related to interest charges, cost of goods sold, and rebates.

23. In committing the actions described herein, Defendant committed breach of contract, common law fraud, statutory deceit, and conversion.

24. As a result of Northwest Pipe's actions, Plaintiff suffered financial loss in a total amount currently unknown to him, but which exceeds $75,000.

25. Defendant also negligently inflicted emotional distress on Plaintiff by violating its duty of reasonable care, resulting in financial loss, emotional distress, and physical manifestations of emotional distress.

26.  Defendant acted with fraud, oppression, and malice, making punitive damages appropriate in order to deter future similar conduct, in such amount as determined by the jury.

WHEREFORE, Plaintiff asks for judgment in an amount to be determined by the jury for compensatory damages and punitive damages, as well as interest, costs, and such other relief as determined appropriate by the Court.

TRIAL BY JURY IS HEREBY DEMANDED

Dated this 2nd day of November, 2016.

By: _____
Mike Abourezk
ABOUREZK LAW FIRM
P.O. Box 9460
Rapid City, SD 57709
Attorney for Plaintiff
Mike@abourezk.com

4